UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Evans Dupree, # 322078, *aka* Dupre Evans, | ) C/A No. 4:13-803-RBH-KDW |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Melanie Huggins Ward, | ) |
| Defendant. | ) |

## *Background of this Case*

Plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections. The website for the South Carolina Department of Corrections (http://public.doc.state.sc.us/scdc-public/, last visited on June 28, 2013) reveals that Plaintiff, who is listed as "Dupree Evans" on the website, is serving a life sentence for a murder conviction entered in the Court of General Sessions for Horry County in 2007. *See State v. Dupree R. Evans*, Unpublished Opinion No. 2010-UP-142 (S.C. Ct. App. Feb. 24, 2010). Defendant is the Clerk of Court for Horry County.

In Plaintiff's § 1983 Complaint, he avers his civil rights have been violated on the basis of an allegedly invalid grand jury indictment in Plaintiff's closed criminal case. Plaintiff contends his criminal indictment is invalid because the Court of General Sessions for Horry County was not in session on the date on which he was indicted. Compl. at 3, ECF No. 1. Plaintiff also alleges that Defendant has failed to produce or provide him with a copy of the list of indictments on the date in

question. *Id.* Plaintiff also states that he has raised this matter in his pending post-conviction case.[1] In his prayer for relief, Plaintiff seeks damages "not [to] exceed" one million dollars. *Id.* at 5.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.[2] This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31-35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972) (per curiam); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953-56 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70, 71-74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295-96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90-95 (2007) (per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (per curiam); and *Cruz v. Beto*, 405 U.S. 319, 321-23 (1972) (per curiam). When a federal court is evaluating a pro se complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586

---

[1] The Public Index for the Horry County Clerk of Court website (http://publicindex.sccourts.org/Horry/PublicIndex/PISearch.aspx, last visited on June 28, 2013) reveals that Plaintiff's pending post-conviction case, Case No. 2010-CP-26-08638, was filed on September 14, 2010. Plaintiff's counsel of record in Case No. 2010-CP-26-08638 is Natasha M. Hanna. A federal court may take judicial notice of factual information located in postings on governmental websites in the United States. *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n.1 (D.S.C. May 10, 2011) (collecting cases), *adopted*, 2011 WL 2162184 (D.S.C. June 1, 2011).

[2] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district court.

F. Supp. 2d 548, 554 (D.S.C. 2008).  Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680-84 (2009). Even when considered under this less stringent standard, Plaintiff's Complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

Plaintiff is challenging grand jury proceedings that resulted in an indictment that then resulted in his murder conviction. Accordingly, this case is subject to summary dismissal because a right of action has not accrued.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  The holding in *Heck v. Humphrey* precludes Plaintiff's claims against Defendant here (as well as claims against others associated with his closed criminal case).  *Mills v. Greenville Cnt'y*, 586 F. Supp. 2d 480, 489-90 (D.S.C. 2008).

Defendant is also immune from suit.  Based on cases such as *Forrester v. White*, 484 U.S. 219, 226-27 (1988), immunity derived from judicial immunity may extend to persons other than judges when performance of judicial acts or activities as official judicial aides are involved. This derivative immunity is sometimes called quasi-judicial immunity. *See Abebe v. Propes*, Civil Action No. 0:11-1215-MBS-PJG, 2011 WL 2581385, at *3 (D.S.C. June 3, 2011) (collecting cases), *adopted*, 2011 WL 2600593 (D.S.C. June 29, 2011).

The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters,

3

and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel).[3]

### *Recommendation*

Accordingly, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.

IT IS SO RECOMMENDED.

July 2, 2013                                                             Kaymani D. West
Florence, South Carolina                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] As noted above, Plaintiff is represented by counsel in his pending post-conviction relief case. Hence, any pro se motions filed by Plaintiff in his pending post-conviction case, other than a motion to relieve counsel, may not be filed by the Clerk of Court for Horry County. *See, e.g., State v. Stuckey*, 333 S.C. 56, 508 S.E.2d 564, 564-65 (1998) (directing county clerks of court not to file pro se pleadings, other than a motion to relieve counsel, in cases in which the litigant has counsel of record).

4

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).