IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Evans Dupree, # 322078, *aka* Dupre Evans, | Civil Action No.: 4:13-cv-00803-RBH |
| Plaintiff, | **ORDER** |
| v. | |
| Melanie Huggins Ward, | |
| Defendant. | |

Plaintiff Evans Dupree, a state prisoner proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging that the Defendant Melanie Huggins Ward violated his First Amendment rights. The matter is now before the Court for review after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West.[1] The Magistrate Judge recommends that this Court dismiss Plaintiff's complaint *without prejudice* pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and for failure to state a claim.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this § 1983 action in March 2013, alleging that Defendant Ward, that Horry County Clerk of Court, violated his First Amendment rights and caused him emotional distress as a result of her alleged inability or failure to produce a copy of a list of indictments true-billed by a grand jury in July 2005.[2] He claims that her alleged actions precluded him from adequately challenging his conviction for murder. He seeks $1 million in damages. Compl. 3–5, ECF No. 1. The Magistrate Judge issued her R&R on July 2, 2013, recommending that Plaintiff's complaint be

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[2] The Court incorporates the more-detailed recitation of the facts by the Magistrate Judge in the R&R. R&R 1–2, ECF No. 14.

dismissed *without prejudice* under *Heck* due to his pending post-conviction relief action. R&R, ECF No. 14. Furthermore, the Magistrate Judge concludes that Defendant is protected by quasi-judicial immunity. Plaintiff filed timely objections to the R&R on July 17, 2013. Pl.'s Objs., ECF No. 17.

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to de novo review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### DISCUSSION

The Magistrate Judge recommends dismissing Plaintiff's complaint *without prejudice* and without the issuance of service of process. Specifically, the Magistrate Judge concludes that *Heck* precludes Plaintiff from bring this § 1983 action and that Defendant is immune from suit due to her

quasi-judicial immunity as the Horry County Clerk of Court. R&R 3–4. In his objections, Plaintiff maintains that Defendant is withholding documents and that Defendant's actions have denied him access to the courts, as well as violated his First Amendment rights. Pl.'s Objs. 2–3. He continues to assert that the documents he seeks are essential in his post-conviction relief proceedings. *Id.* at 4.

Plaintiff's objections, however, do not address the recommendation of the Magistrate Judge. Indeed, the Court may only consider objections to the R&R that direct it to a specific error. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1–3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199. Regardless, even a *de novo* review, out of an abundance of caution, convinces the Court that the Magistrate Judge's recommendation is proper. Particularly, as the Magistrate Judge noted, Defendant may not be held constitutionally liable for her management of court records. *See, e.g., Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) ("[C]lerks qualify for quasi-judicial immunity unless the[ir] acts were done 'in the clear absence of all jurisdiction.' "). Plaintiff makes no allegation that Defendant acted improperly. Accordingly, Plaintiff's objections are overruled.

## CONCLUSION

The Court has thoroughly reviewed Plaintiff's complaint, the Magistrate Judge's R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is **DISMISSED** *without prejudice* and without issuance of service of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
October 15, 2013